UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SHEET METAL WORKERS LOCAL UNION
No. 110 HEALTH FUND                                                PLAINTIFF

v.                                            CIVIL ACTION NO. 3:12CV-459-S

MICHAEL BARNES                                                DEFENDANT

### MEMORANDUM OPINION

This matter is before the court on motion of the plaintiff, Sheet Metal Workers Local Union No. 110 Health Fund ("the Fund"), for summary judgment in this action to recover loss of time weekly benefits paid to the defendant, Michael Barnes, under the Fund's health and welfare plan. The plan is a "multiemployer plan" under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(37).

On October 4, 2007 Barnes suffered an injury. There was some dispute at the time whether this injury was "work-related," as defined by the Kentucky Workers' Compensation Act. Pending such determination, Barnes received loss of time weekly benefits under the ERISA plan. He received these benefits from October 18, 2008 through March 25, 2009 totaling $6,570.05.

The plan provides for the following loss of time benefit:

> This benefit is paid on the first (1st) day of a non-occupational accident or the eight (8th) day of non-occupational illness and will be paid for a maximum of twenty-six (26) weeks provided you are under the continuous care of a physician...

SMW ERISA Plan, p. 19.

On April 27, 2009, an administrative law judge determined that Barnes injury was "work-related," and Barnes was awarded both temporary total disability benefits for the period September 10, 2008 through November 18, 2008 and permanent partial disability benefits commencing November 10, 2008 and continuing for 425 weeks.

Barnes tendered $1,543.17 in reimbursement to the Fund for a portion of the loss time weekly benefit he had received under the plan. Barnes declined the Fund's request for reimbursement of the remaining sum. The Fund then filed this action seeking an order for reimbursement.

In November of 2012, the parties agreed to a January 31, 2013 deadline for the filing of cross-motions for summary judgment in this case. In February, 2013, the parties jointly moved for an extension of the dispositive motion deadline to March 15, 2013 to afford the parties additional time to engage in settlement negotiations. On March 15, 2013, the present motion for summary judgment was filed by the Fund. No response has been filed by Barnes.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-

moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

The plan provides for the payment of loss time weekly benefits for non-occupational accidents. As this was determined to be a work-related injury, it appears clear to this court that Barnes was not entitled to loss time weekly benefits for his injury. Barnes appears to concede as much, as he has not opposed the Fund's motion. Therefore, summary judgment will be granted in favor of the Fund by separate order.

**IT IS SO ORDERED.**

May 6, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**